IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00890-REB-MEH

RICHARD M. PAUL,

    Plaintiff,

v.

THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Limited Discovery, or, in the Alternative, Motion for a Determination of Whether the Administrative Record is Complete [filed June 23, 2008; docket #18]. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion.

**I.    BACKGROUND**

Plaintiff filed this lawsuit seeking review of Defendant's decision to terminate his long-term disability benefits. He alleges that a conflict of interest, as defined by the Supreme Court in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), exists in this case, as Defendant is both the ERISA plan administrator and the payor of the plan. Plaintiff moves the Court for limited discovery as to the scope of the conflict of interest, or in the alternative, for a determination as to whether the administrative record is complete in this action.

Defendant responds arguing that, under Tenth Circuit law, a determination of the merits of this case requires only a review of the administrative record before Hartford at the time of its

decision, and that discovery of documents or information outside the record is improper. Defendant contends that Plaintiff's reliance on *Glenn* is misplaced since the Supreme Court did not address discovery in that case. Defendant, therefore, asserts that discovery in this case is unnecessary as the administrative record before the Court is complete.

**II.  LEGAL STANDARD**

Where, as is undisputed in this case, the ERISA plan in question grants the plan administrator or its delegate discretion in interpreting the terms of and determining the grant of benefits under the plan, the decision on the grant or denial of benefits must be upheld unless the decision was arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). However, the Supreme Court has recently held that a dual role in which an insurer "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket ... creates a conflict of interest." *Metropolitan Life Ins. Co. v. Glenn,* __ U.S. __, 128 S. Ct. 2343, 2346 (2008). The Court further held that a reviewing court should consider such conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits, and that the significance of the factor will depend upon the circumstances of the particular case. *Id.*

In the Tenth Circuit, deference to the plan administrator's decision is lessened in varying degrees if a conflict of interest exists. *See Firestone,* 489 U.S. at 115; *Kimber v. Thiokol Corp.,* 196 F.3d 1092, 1097 (10th Cir. 1999). That is, when there exists such a conflict of interest the Tenth Circuit undertakes a "sliding scale" analysis,[1] according deference in inverse proportion to the degree of seriousness of the conflict. *See Allison v. Unum Life Ins. Co. of America,* 381 F.3d 1015, 1021 (10th Cir. 2004); *Jones v. Kodak Med. Assistance Plan,* 169 F.3d 1287, 1291 (10th Cir. 1999).

---

[1] The Plaintiff argues that *Glenn* essentially rejects the Tenth Circuit's method in adjusting the deference shown to a plan administrator according to the seriousness of a conflict of interest. However, a determination of this question is not necessary to the adjudication of the within motion and therefore, will not be addressed.

2

It is undisputed in this case that Hartford administered the benefits plan at issue, and both evaluated the claims and paid for benefits; thus, pursuant to Tenth Circuit law in effect at the time of Hartford's decision to deny benefits, a conflict of interest may exist. In such situations the burden of proof is on the plaintiff to prove the existence of the conflict, *see Fought v. Unum Life Ins. Co. of America,* 379 F.3d 997, 1005 (10th Cir. 2004), and to prove that any such conflict jeopardized the administrator's impartiality. *See id.; Cirulis v. UNUM Corp.,* 321 F.3d 1010, 1017 n. 6 (10th Cir. 2003); *Kimber,* 196 F.3d at 1097. If the plaintiff succeeds, the plan administrator bears the burden of proving the reasonableness of its decision pursuant to the court's traditional arbitrary and capricious standard. *Fought*, 379 F.3d at 1006. "The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id.*

## III. DISCUSSION

With these legal principles in mind, the Court finds that the burden of proof placed on the plaintiff by the Tenth Circuit itself justifies limited discovery in this case. Clearly, an inherent conflict of interest may exist on the part of the Defendant here, and Plaintiff should be allowed to discover the scope of that conflict in an attempt to meet his burden. While this Court has found no Tenth Circuit case law addressing the issue of whether discovery is permitted to determine the scope of a conflict of interest in an ERISA case, the Tenth Circuit has suggested that discovery may be appropriate. *See Wolberg v. AT & T Broadband Pension Plan*, 123 Fed. Appx. 840, 843 n.2 (10th Cir. 2005) (criticizing a plaintiff for simply mentioning the existence of a conflict of interest, but failing to pursue the matter and to seek discovery).

Moreover, courts in this district and in other districts have allowed limited discovery for the

3

purpose of determining the scope of a conflict of interest. *See Hoyt v. Prudential Ins. Co. of America*, No. 07-cv-02210-LTB-KLM, 2008 WL 686922, *2 (D. Colo. Mar. 12, 2008) (permitting limited discovery related to the alleged bias of an evaluator and the policies and procedures used to make the decision); *Stern v. El Paso Corp.,* 06-cv–1562-REB-PAC, 2007 WL 1346597, *3 n. 4 (D. Colo. 2007) (recognizing that some discovery has been allowed in ERISA cases where plaintiff asserts bias or challenges procedures); *Jeffryes v. Hartford Life & Acc. Ins. Co.*, 05-cv-01770-EWN-CBS, 2006 WL 1186493, *2 (D. Colo. May 4, 2006) (allowing limited discovery into the procedure by which the administrator made its decision); *see also Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 293 n. 2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); *Orndorf v. Paul Revere Life Ins. Co.,* 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); *Miller v. Cingular Wireless LLC,* 2007 WL 14675, *4 (N.D. Okla. Jan. 3, 2007) (affirming an order allowing limited discovery concerning the possible existence and extent of a conflict of interest by the plan administrator). Thus, while it would not be proper to allow Plaintiff to conduct discovery directed to the factual merits of his claim, this Court will permit limited discovery related to the alleged conflict of interest in this case and to the policies and procedures used by Hartford to make its decision.

Plaintiff has attached to the within motion his proposed discovery requests. *See* docket #18-3. In accordance with this Order, Plaintiff may propound the discovery requests found in Interrogatories 1, 3, 4, 9, 10, 11, 12, and 13, and in Requests for Production 1 (only with respect to Interrogatory 9), 7 and 11. Plaintiff may propound the discovery requests in Interrogatory 2 and 6 and in Requests for Production 3, 4 and 6 only for those individuals who participated in the decision to deny benefits. Plaintiff may propound the discovery requests found in Interrogatories 5 and 9,

and may request copies of related documentation, with respect <u>only</u> to the documentation available to those individuals who participated in the decision to deny benefits. All other discovery requests are denied as overbroad, irrelevant and/or improperly seeking discovery into the merits of the claim.

Because the Court grants in part Plaintiff's Motion for Limited Discovery, the alternative Motion for Determination of Whether the Administrative Record is Complete will be denied as moot.

**IV.     CONCLUSION**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Limited Discovery, or, in the Alternative, Motion for a Determination of Whether the Administrative Record is Complete [<u>filed June 23, 2008; docket #18</u>] is **granted in part** and **denied in part** as specified herein. Defendant shall respond to the requests so ordered no later than August 22, 2008.

Dated at Denver, Colorado, this 28th day of July, 2008.

                              BY THE COURT:

                              s/ Michael E. Hegarty
                              Michael E. Hegarty
                              United States Magistrate Judge